**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 22-00083-als7 |
| Todd Alan Folkerts, | ) | |
| | ) | **UNITED STATES TRUSTEE'S MOTION TO** |
| Debtor. | ) | **DISMISS PURSUANT TO 11 U.S.C. § 707(b)(3)** |

The Acting United States Trustee ("UST") for Region 12, through the undersigned Trial Attorney, moves the Court to dismiss this case based on 11 U.S.C. § 707(b)(3). In support of the motion the UST respectfully states as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) & (b); 28 U.S.C. §§ 157(a) & (b)(1); and, 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A). This Motion is filed pursuant to 11 U.S.C. § 707(b)(3).

2. Debtor, Todd Alan Folkerts, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on January 26, 2022. Deborah L. Petersen was appointed Chapter 7 Trustee in this case and continues to serve in that capacity.

3. A first meeting of creditors was conducted on February 16, 2022. 11 U.S.C. § 341. This Motion is filed within sixty (60) days of the first date set for the 341 meeting and is timely pursuant to Federal Rules of Bankruptcy Procedure, Rule 1017(e).

4. Based on a review of Debtor's Schedules and upon Debtor's testimony at the Section 341 meeting, Debtor's obligations are primarily consumer debts. Debtor's non-priority unsecured debts total $75,371.91.

5. Debtor filed his bankruptcy case independent of his spouse ("spouse or non-filing spouse"). According to Debtor's Schedule I, his spouse has been employed as a Business Banking Associate Manager with Great Western Bank for at least 12 years. In his originally filed Schedule I (doc. 1) and Form 122A-1 calculation of Current Monthly Income (CMI) (doc. 2), Debtor entirely

omitted his spouse's income.

6. According to Debtor's testimony at his meeting of creditors and responses to the UST's written inquiries, the UST is informed, believes, and thereon alleges the following related to Debtor's household:

- Debtor and his spouse have been married for over ten years.

- Debtor's 17 stepson resides approximately half the time with his mother and Debtor, and half the time with his biological father.

- Debtor and his spouse maintain separate and also joint banking accounts.

- Debtor at one point testified during his Section 341 exam that he and his spouse maintain separate finances, but later testified that they share in the payment of household living expenses.

- For 2019 and 2020, Debtor and his spouse filed their tax returns "Married filing jointly".

- Debtor pays alimony in the amount of $500/mo that is set to expire in July 2023.

7. Debtor provided copies of bank statements for himself and his spouse to the UST. Upon review, the UST alleges that Debtor and his spouse consistently and historically commingle income and share in household expenses.

8. The sharing of income and expenses can be illustrated, in part, by the following:

- According to Debtor's Section 341 testimony, he pays the mortgage and his spouse pays the utilities and groceries.

- Debtor pays in excess of $500/mo in car insurance. This appears to include his non-filing spouse, her minor son and possibly her adult daughter.

- Debtor pays in excess of $400/mo in telephone related charges. This includes eight

    lines, apple watches, and additional features including apple music and Disney+.

- In June 2021, Debtor obtained a Sofi loan in the amount of $40,000. With those proceeds, Debtor appears to have paid: $13,112.21 to Home Depot; $9,629.41 to Best Buy; $2,292.36 to Capital One; and, $5,106 to Lowes. It is likely that purchases made on those accounts were for the benefit of the household. It is not known to the UST if the non-filing spouse was a co-debtor or authorized user on those accounts.

- In August 2021, Debtor received insurance proceeds of $46,260.65 from wind/hail damage to his homestead. The homestead is titled only in Debtor's name. The proceeds were deposited into an account used primarily by the non-filing spouse. While a majority of the proceeds were used toward a new roof and gutters, the account evidences the following additional purchases: $3,008.95 for a hot tub and $4,500 to Destin Luxury Beach for a planned vacation.

9. Upon request of the UST, subsequent to Debtor's Section 341 meeting of creditors, Debtor filed an amended Schedule I, and Forms 122A-1 and 122A-2.[1] The amended Schedule I establishes the basis for the UST's motion to dismiss pursuant to Section 707(b)(3) herein.

### STATEMENT REGARDING 11 U.S.C. § 707(b)(2)

10. The UST does not allege a presumption of abuse under 11 U.S.C. § 707(b)(2).

---

[1] *In re Rodgers,* No. 14-41824-13, 2014 Bankr. LEXIS 4384, 2014 WL 4988388, at *1 (Bankr. W.D. Mo. Oct. 7, 2014); *In re Boatright,* 414 B.R. 526, 532 (Bankr. W.D. Mo. 2009)("[C]ourts widely agree that a nondebtor spouse's income must be considered in determining whether a debtor's bankruptcy filing should be dismissed as abusive under 11 U.S.C. § 707(b)(3) . . . ."); *See also, e.g., In re Stampley,* 437 B.R. 825 (Bankr. E.D. Mich. 2010)("In a case where a married debtor files individually, courts base their calculation of the debtor's disposable income on the debtor's family budget, including the income and expenses of the nondebtor spouse.'" (citations omitted).

11. On Form 122A-1, Debtor reported a household of three. This includes Debtor's 17-year-old stepson that splits his residence between Debtor's home and his biological father.

12. Debtor and his non-filing spouse's annual income is approximately double the median income for a household of three.

13. At line 3 on Debtor's Amended Means Test, Debtor reduced the current household income by $3,374.73, which is comprised of the amount not contributed to the household by the non-filing spouse, or otherwise termed the "marital adjustment".

14. Debtor further reduced income by taking the following secured debt deductions at line 33d:

- $350.93 on a 2017 Jeep Grand Cherokee that Debtor's adult stepdaughter "makes all of the payments" on; and,
- $473.50 on a 2010 Open Range 425BHS Camper that Debtor indicated on Form 108 Statement of Intention that he intended to surrender.

15. Accordingly, at Line 39c of the Amended Means Test, Debtor reported a deficit monthly disposable income in the amount of $(212.23) per month. But for the stepdaughter's auto payment and camper payment, but including the non-filing spouse's marital adjustment, the presumption of abuse would arise in Debtor's case.

### ALLEGATIONS REGARDING 11 U.S.C. § 707(b)(3)

16. Although the presumption of abuse may not arise based on Debtor's calculated Means Test, the UST asserts the granting of relief to Debtor would be an abuse of the provisions of chapter 7 pursuant to 11 U.S.C. § 707(b)(3) based on the totality of the circumstances of Debtor's financial situation which demonstrates abuse as defined by the Code.

17. If the presumption of abuse does not arise in this case under § 707(b)(2) or the debtor

rebuts the presumption, the Court must still consider whether the case is filed in bad faith or if the totality of the circumstances of the debtor's financial situation demonstrates abuse. "If the ability to fund a chapter 13 plan constituted *substantial* abuse under § 707(b)(3)'s predecessor, the Court can think of no reason why that same ability should not also constitute the adjective-less abuse now required under § 707(b)(3). This is especially true in light of the fact § 707(b) no longer includes a presumption in favor of granting the debtor relief under chapter 7." *In re Thomas Wayne McNary and Janet Marjorie McNary*, Bankr. No. 08-50120, slip op. @ 4 (Bankr. D.S.D. July 18, 2008).

18. Specifically, 11 U.S.C. § 707(b)(3) provides:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

19. The Bankruptcy Code does not define the terms "bad faith" or "totality of the circumstances." However, the meaning of the "totality of the circumstances" has been referenced in previous legislative history on bankruptcy reform. Under 11 U.S.C. § 707(b)(3) dismissal is warranted for "abuse" in cases where a debtor filed a Chapter 7 case in bad faith or where the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of their unsecured debt.

20. The UST submits that Debtor and his spouse operate and conduct their household as an economic unit, commingling income and sharing household expenses. The consumer purchases made by Debtor which resulted in all or a portion of his unsecured debt, benefitted not only himself, but his spouse as well.

21. The UST submits that under the circumstances of Debtor's case, disposable net income should be allocated in proportion to the Debtor and his non-filing spouse's income to determine Debtor's ability to pay. See *In re Stampley*, 437 B.R. 825 (Bankr. E.D. Mich 2020)(holding that, in a bankruptcy case filed by only one spouse, when calculating the filing spouse's net disposable income, the joint expenses of the debtor and the non-filing spouse should be allocated in proportion to their relative incomes); and *In re Stampley* at 827 ("Failure to consider the impact of the nondebtor's spouse's income and proposed expenditures therefrom would leave the debtor's unsecured creditors to subsidize the spouse's expenses.").

22. For purposes of this motion, the UST prepared a side-by-side comparison of Debtor's Amended Schedules I and J and the UST's calculation of Debtor's net disposable income, attached hereto as Exhibits A and B.

23. For purposes of this motion the UST agreed with Debtor's stated monthly gross income, deductions, and combined monthly income of $8,637.04. Exhibit A, Line 12. From Debtor's calculated monthly income of $4,187.23 for himself and $4,449.81 for his spouse at Line 10 of his Amended Schedule I, the UST calculated the percentage or proportion of household income at 48.48% for Debtor and 51.52% for the non-filing spouse. See, Exhibit A-3.

24. When the household expenses are compared to their IRS Standard counterpart, the proportion of net disposable income attributable to Debtor would allow for a substantial contribution to Debtor's creditors in a hypothetical chapter 13 plan. The IRS Standards are used as a benchmark or comparison to assist the Court in determining the reasonableness of a debtor's claimed monthly expenses. By incorporating them into the BAPCPA, Congress has indicated that the IRS Standards are the reasonable expense amounts in their particular allocations. For purposes of this Motion the UST modified the reported expenses for a household of three as follows:

    a. Increased the claimed housing expense from $1,003.29 to the IRS standard amount of $1,472. (Exhibit B-3, footnote a.)

    b. Reduced the claimed expense for utilities and similar expenses from $1,611.94 to the local standard of $619. (Exhibit B-3, footnote b.)

    c. Increased the claimed expense for food, clothing and other items from $1,172 to the IRS standard amount of $1,473. (Exhibit B-3, footnote c.)

    d. Reduced the claimed expense for medical from $220 to the IRS standard amount of $402. (Exhibit B-3, footnote d.)

    e. Reduced the claimed transportation operating expenses from $1,239.33 to the IRS local allowance of $402. (Exhibit B-3, footnote e.)

    f. Eliminated the life insurance payment of $289. (Exhibit B-3, footnote f.)

    g. Reduced the transportation ownership allowance from $1,100.72 to the IRS standard amount of 1,066. (Exhibit B-3, footnote g.)

    h. Eliminated the additional non-filing spouse expenses which are provided for in the proportion of net disposable income afforded to her. (Exhibit B-3, footnote h; see also B-4.)

    i. Assumed Debtor's alimony expense in the amount of $500. (Exhibit B-3, footnote i.)

25. Based on the adjustments to Debtor's Amended Schedule J in accordance with IRS standards, the UST calculated the average monthly household expenses at $5,736, compared to Debtor and his non-filing spouse's reported expenses of $8,619.48. (Exhibit B-3, Line 23). The UST's calculated expenses, when compared with the Schedule I income of 8,637.04, yields net monthly income of $2,901.04. (Exhibit B-3, Line 23c). The appropriation of net monthly income

assigned to Debtor that is in proportion to his contributed household income is $1,406.42, or 48.48%. (Exhibit B-4). Said figure represents a significant amount available for repayment of unsecured debt.

### GENERAL ALLEGATIONS

26. Federal Rules of Bankruptcy Procedure, Rule 1017(e)(1) requires "the United States trustee . . . set forth in the motion all matters to be submitted to the court for its consideration at the hearing." As set forth above, the matters to be submitted include:

   A. The totality of the circumstances of Debtor's financial situation that demonstrate this filing is an abuse pursuant to 11 U.S.C. § 707(b)(3).

   B. The accuracy of Debtor's expenses on J.

   C. Any other matters bearing on Debtor's ability to fund a hypothetical chapter 13 plan.

WHEREFORE, the UST respectfully requests that, pursuant to 11 U.S.C. § 707(b)(1), this Court dismiss this case and for such other relief to which the UST may be entitled.

**James L. Snyder**
Acting United States Trustee
Region 12

By:/s/ L. Ashley Wieck
**L. Ashley Wieck**
ID # IS9998256
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (515) 323-2269
Ashley.Wieck@usdoj.gov

Side by Side Comparison of Form 106I

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Todd Folkerts |
| Debtor 2 (Spouse, if fili | NFS- Brandie Smeltzer-Folkerts |
| United States Bankruptcy Court for the: | Southern District of Iowa |
| Case No. | 634-22-00083 |

Check if this is:

[X] An amended filing

[ ] A supplemental showing post-petition chapter 13 income as of the following date:

_____
MM/DD/YYYY

Official Form 106I

**SCHEDULE I: Your Income**                                                                                                             12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1: Describe Employment**

1. Fill in your employment information.

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | [X] Employed<br>[ ] Not employed | [X] Employed<br>[ ] Not employed |
| Occupation | | Driver | Business Banking Associate Mgr. |
| Employer's name | | Bice Transportation | Great Western Bank |
| Employer's address | | 208 N. Maple Ave.<br>Woodward, IA | 10101 University Ave.<br>Clive, IA 50325 |
| How long employed there? | | 11 years | 12 years |

**Part 2: Give Details About Monthly Income**

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | Filed | | UST Calculation | |
|---|---|---|---|---|
| | Debtor 1 | Debtor 2 or non-filing spouse | Debtor 1 | Debtor 2 or non-filing spouse |
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 4,705.00 | $ 7,131.98 | $ 4,705.00 | $ 7,131.98 |
| 3. Estimate and list monthly overtime pay. | | | | |
| 4. Calculate gross income. Add line 2 + 3. | $ 4,705.00 | $ 7,131.98 | $ 4,705.00 | $ 7,131.98 |

Exhibit A - 1

### Side by Side Comparison of Form 106I

Debtor 1  **Todd Folkerts**
Debtor 2  **NFS- Brandie Smeltzer-Folkerts**    Case Number  **634-22-00083**

| | | | Filed | | UST Calculation | |
|---|---|---|---|---|---|---|
| | | | Debtor 1 | Debtor 2 or non-filing spouse | Debtor 1 | Debtor 2 or non-filing spouse |
| **Copy line 4 here** | | 4. | $ 4,705.00 | $ 7,131.98 | $ 4,705.00 | $ 7,131.98 |
| **5. List all payroll deductions:** | | | | | | |
| 5a. Tax, Medicare, and Social Security deductions | | 5a. | $ 793.77 | $ 1,543.51 | $ 793.77 | $ 1,543.51 |
| 5b. Mandatory contributions for retirement plans | | 5b. | | | | |
| 5c. Voluntary contributions for retirement plans | | 5c. | | $ 213.71 | | $ 213.71 |
| 5d. Required payments of retirement fund loans | | 5d. | | | | |
| 5e. Insurance | | 5e. | | $ 788.62 | | $ 788.62 |
| 5f. Domestic support obligations | | 5f. | | | | |
| 5g. Union dues | | 5g. | | | | |
| 5h. Other (describe): | | 5h. | | | | |
| 5i.    Medical flex | | 5i. | | $ 108.33 | | $ 108.33 |
| 5j.    Charity | | 5j. | | $ 28.00 | | $ 28.00 |
| 5k. | | 5k. | | | | |
| 5l. | | 5l. | | | | |
| **6.** Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h | | 6. | $ 793.77 | $ 2,682.17 | $ 793.77 | $ 2,682.17 |
| **7.** Calculate total monthly take-home pay. Subtract line 6 from line 4. | | 7. | $ 3,911.23 | $ 4,449.81 | $ 3,911.23 | $ 4,449.81 |
| **8. List all other income regularly received:** | | | | | | |
| 8a. Net income from rental property and from operating a business, professional, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | 8a. | | | | |
| 8b. Interest and dividends | | 8b. | | | | |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | 8c. | | | | |
| 8d. Unemployment compensation | | 8d. | | | | |
| 8e. Social security | | 8e. | | | | |
| 8f. Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | | 8f. | | | | |
| 8g. Pension or retirement income | | 8g. | | | | |
| 8h. Other monthly income. Specify: **Mayor- Woodward** | | 8h. | $ 276.00 | | $ 276.00 | |
| **9.** Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h | | 9. | $ 276.00 | $ - | $ 276.00 | $ - |
| **10.** Calculate monthly income. Add line 7 + line 9. | | 10. | $ 4,187.23 | $ 4,449.81 | $ 4,187.23 | $ 4,449.81 |
| Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | 10. | | $ 8,637.04 | | $ 8,637.04 |
| **11.** State all other regular contributions to the expenses that you list in Schedule J. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Sch J. Specify | | 11. | | | | |
| **12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write the amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | | 12. | | $ 8,637.04 | | $ 8,637.04 |
| | | | | Combined monthly income | | Combined monthly income |

**13.** Do you expect an increase or decrease within the year after you file this form?

☐ No.
☒ Yes. Explain: **Debtor suffered a heart attack during the fall of 2021 and expects his health conditions to significantly impact his ability to work full-time.**

**Exhibit A - 2**

**Side by Side Comparison of Form 106I**

Debtor 1  **Todd Folkerts**
Debtor 2  **NFS- Brandie Smeltzer-Folkerts**          **634-22-00083**

| Analysis of Monthly Income | Debtor | Non-Filing Spouse | Total Income |
|---|---|---|---|
| **Monthly Income (from line #10)** | $ 4,187.23 | $ 4,449.81 | $ 8,637.04 |
| **Percentage of Household Income Provided by Debtor/Non-Filing Spouse:** | 48.48% | 51.52% | |

**Exhibit A - 3**

Side by Side Comparison of Form 106J

Fill in this information to identify your case:

Debtor 1   **Todd Folkerts**
Debtor 2   **NFS- Brandie Smeltzer-Folkerts**
(Spouse, if filing)
United States Bankruptcy Court for the:   **Southern District of Iowa**
Case No.   **634-22-00083**

Check if this is:

[X] An Amended filing
[ ] A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM/DD/YYYY

[ ] A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form 106J

## SCHEDULE J: Your Expenses                                                                 12/15

Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach another sheet to this form.  On the top of any additional pages, write you name and case number (if known).  Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**
   [X] No. Go to line 2.
   [ ] Yes. Does Debtor 2 live in a separate household?
       [ ] No.
       [ ] Yes.  Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   [ ] No
   Do not list Debtor 1 and   [X] Yes. Fill out this information for
   Debtor 2                    each dependent

   Do not state the dependents' names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | **Stepson** | **17** | [ ] No [X] Yes |
   |  |  | [ ] No [ ] Yes |
   |  |  | [ ] No [ ] Yes |
   |  |  | [ ] No [ ] Yes |
   |  |  | [ ] No [ ] Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?
   [X] No
   [ ] Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed.  If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.
Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I:  Your Income (Official Form 106I.)

|  |  | Your expenses | UST Budget |
|---|---|---|---|
| 4. **The rental or home ownership expenses for your residence.**  Include first mortgage payments any rent for the ground or lot. | 4. | $ **976.15** a | $ **1,472.00** a |
| If not included in line 4: |  |  |  |
| 4a.  Real estate taxes | 4a. |  |  |
| 4b.  Property, homeowner's, or renter's insurance | 4b. |  |  |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | $ **50.00** b |  |
| 4d.  Homeowner's association or condominium dues | 4d. |  |  |

Exhibit B - 1

**Side by Side Comparison of Form 106J**

| | | |
|---|---|---|
| Debtor 1 | Todd Folkerts | |
| Debtor 2 | NFS- Brandie Smeltzer-Folkerts | |
| | | Case No.  634-22-00083 |

| | | Your expenses | UST Budget |
|---|---|---|---|
| 5. | Additional mortgage payments for your residence, such as home equity loans    5. | | |
| 6. | **Utilities:** | | $ 619.00 [b] |
| | 6a.  Electricity, heat, natural gas    6a. | $ 686.00 [b] | |
| | 6b.  Water, sewer, garbage collection    6b. | $ 133.64 [b] | |
| | 6c.  Telephone, cell phone, internet, satellite, and cable services    6c. | $ 742.30 [b] | |
| | 6d.  Other:  Specify:    6d. | | |
| 7. | **Food and housekeeping supplies**    7. | $ 800.00 [c] | $ 1,473.00 [c] |
| 8. | **Childcare and children's education costs**    8. | | |
| 9. | **Clothing, laundry, and dry cleaning**    9. | $ 150.00 [c] | |
| 10. | **Personal care products and services**    10. | $ 100.00 [c] | |
| 11. | **Medical and dental expenses**    11. | $ 220.00 [d] | $ 204.00 [d] |
| 12. | **Transportation.**    Include gas, maintenance, bus or train fare. | | |
| | Do not include car payments.    12. | $ 650.00 [e] | $ 402.00 [e] |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books**    13. | $ 50.00 [c] | |
| 14. | **Charitable contributions and religious donations**    14. | | |
| 15. | **Insurance** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a  Life insurance    15a. | $ 289.00 [f] | $ - [f] |
| | 15b  Health insurance    15b. | | |
| | 15c.  Vehicle insurance    15c. | $ 589.33 [e] | |
| | 15d  Other insurance.  Specify:  **Umbrella**    15d. | $ 27.14 [a] | |
| 16. | **Taxes.**   Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify:    16. | | |
| 17. | **Installment  or lease payments:** | | |
| | 17a  Car payments for vehicle 1    17a. | $ 367.90 [g] | $ 1,066.00 [g] |
| | 17b  Car payments for vehicle 2    17b. | $ 732.82 [g] | |
| | 17c. Other.  Specify: **Nebraska Furniture Mart**    17c. | $ 72.00 [c] | |
| | 17d Other.  Specify: **Spouse's son's auto payment**    17d. | $ 554.93 [h] | $ - [h] |
| | 17e Other.  Specify: **Spouse's student loans**    17e. | $ 145.27 [h] | |
| | 17f. Other.  Specify: **Spouse's unsecured debt payments**    17f. | $ 783.00 [h] | |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).**    18. | $ 500.00 [i] | $ 500.00 [i] |
| 19. | **Other payments you make to support others who do not live with you.** | | |
| | Specify:    19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| | 20a  Mortgages on other property    20a. | | |
| | 20b  Real estate taxes    20b. | | |
| | 20c. Property, homeowner's, or renter's insurance    20c. | | |
| | 20d  Maintenance, repair, and upkeep expenses    20d. | | |
| | 20e  Homeowner's association or condominium dues    20e. | | |

**Exhibit B - 2**

**Side by Side Comparison of Form 106J**

| | | |
|---|---|---|
| Debtor 1 | Todd Folkerts | |
| Debtor 2 | NFS- Brandie Smeltzer-Folkerts | |
| | Case No. | 634-22-00083 |

| | | | | Your expenses | UST Budget |
|---|---|---|---|---|---|
| 21 | Other. Specify: | | | | |
| | 21a. | | 21a. | | |
| | 21b. | | 21b. | | |
| | 21c. | | 21c. | | |
| **22.** | **Your monthly expenses.** | Add lines 4 through 21. | | | |
| | 22a | Add lines 4 through 21. | 22a. | $ 8,619.48 | $ 5,736.00 |
| | 22b | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | $ - | $ - |
| | | The result is your monthly expenses. | 22c. | $ 8,619.48 | $ 5,736.00 |
| **23.** | **Calculate your monthly net income.** | | | | |
| | 23a | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $ 8,637.04 | $ 8,637.04 |
| | 23b | Copy your monthly expenses from line 22 above. | 23b. | $ 8,619.48 | $ 5,736.00 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $ 17.56 | $ 2,901.04 |

**24.** **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

| X | No. |
|---|---|
| | Yes. Explain here: Debtor's home was built in 1914. Debtor suffers from diabetes. Debtor's spouse drives 35 miles each way to work. |

| | | Your expenses Subtotals | UST Budget Subtotals |
|---|---|---|---|
| a | **Housing ownership allowed at IRS standard amount** | $ 1,003.29 | $ 1,472.00 |
| b | **Housing utilities allowed at IRS standard amount** | $ 1,611.94 | $ 619.00 |
| c | **Food, clothing and other items allowed at IRS standard amount** | $ 1,172.00 | $ 1,473.00 |
| d | Medical and dental expenses allowed at IRS standard amount | $ 220.00 | $ 204.00 |
| e | **Transportation operating allowed at IRS standard amount** | $ 1,239.33 | $ 402.00 |
| f | Eliminated life insurance of debtor (NFS beneficiary) | $ 289.00 | $ - |
| g | **Transportation ownership allowed at IRS standard amount (two autos)** | $ 1,100.72 | $ 1,066.00 |
| h | **Eliminated additional NFS expenses (payment afforded from NFS's surplus- see below)** | $ 1,483.20 | $ - |
| i | Debtor's alimony support ends July 2023; than additional $500 becomes available. | $ 500.00 | $ 500.00 |
| | | $ 8,619.48 | $ 5,736.00 |

**Exhibit B - 3**

**Side by Side Comparison of Form 106J**

| | | |
|---|---|---|
| Debtor 1 | **Todd Folkerts** | |
| Debtor 2 | **NFS- Brandie Smeltzer-Folkerts** | Case No. **634-22-00083** |

| **Analysis of Net Monthly Income (Surplus)** | | |
|---|---|---|
| **Net Monthly Income (line 23c above)** [Provided by applying IRS standardized expenses] | | $ 2,901.04 |
| | **Debtor** | **Non-Filing Spouse** |
| **Percentage of household income provided by debtor/non-filing spouse:** | 48.48% | 51.52% |
| **Appropriation of Net Monthly Income** | $ 1,406.42 | $ 1,494.62 |

**Exhibit B - 4**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF's notice of electronic filing dated April 15, 2022.

Parties receiving hand or mailed service:

Ally Bank, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Nebraska Furniture Mart
PO BOX 3000
Omaha, NE 68103

Westlake Services LLC c/o Resurgent Capital Services
PO Box 3427
Greenville, SC 29602

By:/s/Shelly W. Fellner
**Shelly W. Fellner**
Legal Clerk
United States Trustee's Office